UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIDWEST OPERATING ENGINEERS WELFARE FUND; MIDWEST OPERATING ENGINEERS PENSION TRUST FUND; OPERATING ENGINEERS LOCAL 150 APPRENTICESHIP FUND; LOCAL 150, I.U.O.E. VACATION SAVINGS PLAN; MIDWEST OPERATING ENGINEERS RETIREMENT ENHANCEMENT FUND; INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO; and CONSTRUCTION INDUSTRY RESEARCH AND SERVICE TRUST FUND | CIVIL ACTION NO. |
| Plaintiffs, | JUDGE |
| vs. | |
| INGSTRUP PAVING, INC; BRUCE F. INGSTRUP, Individually; and JOSEPH INGSTRUP, Individually | |
| Defendant. | |

**COMPLAINT**

Plaintiffs Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 I.U.O.E. Vacation Savings Plan; Midwest Operating Engineers Retirement Enhancement Fund; Construction Industry Research and Service Trust Fund; and International Union of Operating Engineers, Local 150, AFL-CIO; hereby file suit against Defendants, Ingstrup Paving, Inc.; Bruce F. Ingstrup; and Joseph Ingstrup.

## COMPLAINT
## FACTS COMMON TO ALL COUNTS

1. Plaintiffs Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 I.U.O.E. Vacation Savings Plan; and Midwest Operating Engineers Retirement Enhancement Fund ("the Funds") are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1132(e)(2).

2. Plaintiff International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150" or "the Union"), is an employee organization under ERISA, 29 U.S.C. § 1002(4); and a labor organization under the LMRA, 29 U.S.C. § 152(5).

3. Plaintiff Construction Research and Service Trust Fund ("CRF") is a labor-management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9).

4. Defendant Ingstrup Paving, Inc. ("Ingstrup"), is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5), and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Villa Park, Illinois.

5. Ingstrup and Local 150 are parties to collective bargaining agreements known as Illinois Heavy and Highway and Underground Agreement (Mid-America Regional Bargaining Association) (Excavators, Inc.) (MARBA)) (attached as Exhibit 1), pursuant to the Memorandum of Agreement dated June 7, 2013 (attached as Exhibit 2), and the MARBA Illinois Road Builders Association (attached as Exhibit 3) pursuant to the Memorandum of Agreement dated July 1, 1975 (attached as Exhibit 4).

2

6. Pursuant to the Funds' Agreements and Declarations of Trust and the collective bargaining agreements with Local 150, Ingstrup is obligated to make fringe benefit contributions to the Funds. Ingstrup is specifically required to:

(a) Submit for each month a report stating the names, and number of hours worked by every person on whose behalf contributions are required, or, if no such persons are employed, to submit a report so stating;

(b) Accompany these reports with payment of contributions based upon an hourly rate identified in the applicable collective bargaining agreements;

(c) Make all of its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of Ingstrup's past reporting;

(d) Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(e) Pay interest to compensate the Funds for loss of investment income;

(f) Pay any and all costs incurred by the Funds in auditing Ingstrup's payroll records should it be determined that Ingstrup was delinquent in the reporting or submission of all contributions required by it to be made to the Funds;

(g) Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to require Ingstrup to submit its payroll books and records for auditing or recovery delinquent contributions;

(h) Furnish to the Funds a bond with good and sufficient surety thereon, in an amount acceptable to the Funds, to cover future contributions due the Funds.

7. Ingstrup also is required pursuant to the collective bargaining agreements referenced in paragraph 5 above to submit reports and payments to the Union for administrative dues purposes. If Ingstrup fails to do so, the Union is entitled to liquidated damages, attorneys' fees, and all other costs of collection.

8. Ingstrup is delinquent and has breached its obligations in the following respects:

(a) Ingstrup has failed to submit all of its reports to the Funds and/or has failed to make payment of all contributions due to the Funds. Ingstrup therefore must submit to the Funds all outstanding reports and delinquent contributions;

3

(b) Because of the breaches described above, the Funds have assessed liquidated damages, as authorized by the Trust Agreements, but Ingstrup has failed to make payment of said liquidated damages; and

(c) Because of the breaches described above, the Funds have assessed interest, as authorized by the Trust Agreements, but Ingstrup has failed to make payment of said interest.

9. Ingstrup is also required to make contributions to Construction Research Fund pursuant to the collective bargaining agreements referenced in paragraph 5 above.

## COUNT I
## SUIT AGAINST INGSTRUP FOR
## BREACH OF SETTLEMENT AGREEMENT

10. After becoming delinquent on August 6, 2013, the parties entered into a Settlement Agreement resolving the outstanding issues ("Settlement Agreement" attached hereto as Exhibit 5).

11. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185, because the settlement agreement is an extension of the collective bargaining agreements referenced in paragraph 5 above. Furthermore, Ingstrup stipulated to the jurisdiction of this Court in the settlement agreement (Ex. 5).

12. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are located and administered in Cook County, Illinois, and the settlement agreement was partly executed and some of the performance took place in Cook County, Illinois.

13. Pursuant to paragraph 4 of the Settlement Agreement, Ingstrup is obligated to pay $3,481.42 to the Funds and the Union by the 20th of each month from August 20, 2013, through November 20, 2014 (Ex. 5). Ingstrup failed to remit the payments due in May 2014, and thereafter.

14. Pursuant to paragraph 5 of the Settlement Agreement, Ingstrup is required to timely submit future contribution reports with corresponding contributions/payments during the term of the Settlement Agreement (Ex. 5). Ingstrup has failed to submit the May 2014 contribution reports and the corresponding contribution/payments. Ingstrup also has failed to submit dues reports and corresponding payments for May 2014 to the present.

15. Paragraph 12 of the Settlement Agreement provides that Bruce Ingstrup and Joseph Ingstrup shall be personally liable for any amounts owed by Ingstrup. The Settlement Agreement further provides that if Ingstrup breaches the Settlement Agreement, the Funds are entitled to revoke their agreement to the settlement agreement contained in paragraphs 4 and 5 of the Settlement Agreement and that Ingstrup consents to entry of judgment against it.

16. By letter dated July 14, 2014, Plaintiffs advised Ingstrup that it was in breach of the Settlement Agreement and demanded that it perform its obligations as stated above (attached as Exhibit 6). Ingstrup has not responded to the July 14, 2014 letter, and has failed and refused to so perform.

17. That upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Ingstrup, there is a total of $172,848.64 known to be due the Funds from Ingstrup, and subject further to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request:

A. That an account be taken as to all employees of Ingstrup covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Funds, covering the period for which the collective bargaining agreements are to be effective;

B. That Ingstrup be ordered to submit all delinquent monthly Contribution Reports to the Funds stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

C. That Judgment be entered in favor of the Funds and against Ingstrup for all unpaid contributions, liquidated damages, interest, any costs of auditing Ingstrup's records, and the Funds' reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the Plans and in ERISA;

D. That Ingstrup be permanently enjoined to perform specifically its obligations to the Funds, and in particular, to continue submitting the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA; and,

E. That the Funds have such further relief as may be deemed just and equitable by the Court, all at Ingstrup's cost.

## COUNT II
## SUIT BY FUNDS AGAINST INGSTRUP FOR
## BREACH OF ERISA

1-9. The Funds reallege and incorporate herein by reference paragraphs 1 through 9 of the Facts Common to all Counts as if fully stated herein.

10. This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331. Furthermore, Ingstrup stipulated to the jurisdiction of this court in the Settlement Agreement (Exhibit 5).

11. Venue is proper in this court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

12. ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

13. Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees, and costs. ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine

6

whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

14. Ingstrup has violated ERISA and breached the collective bargaining agreements entered into by it and Local 150 and has violated the Trust Agreements because it has failed to timely submit its reports and contributions to the Funds, and refused to pay liquidated damages and interest that has accrued. Ingstrup agreed to entry of Judgment against it if it failed to stay current with respect to payment of fringe benefit contributions (Ex. 5).

15. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Ingstrup, there is a total of $172,848.64 known to be due the Funds from Ingstrup, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that Court:

A. Enter judgment in favor of the Funds and against Ingstrup for all unpaid contributions as identified in Ingstrup's contributions reports;

B. Enjoin Ingstrup to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C. Enjoin Ingstrup at the Funds' option to submit to an audit of its payroll books and records in order to determine whether Ingstrup owes additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Funds' option require Ingstrup to pay any contributions reasonably estimated to be due by the Funds for the period when Ingstrup failed and refused to timely submit contribution reports;

D. Enter judgment against Ingstrup and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions; and,

E. Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Ingstrup's cost.

## COUNT III
## SUIT AGAINST BRUCE INGSTRUP
## TO ENFORCE PERSONAL GUARANTEE

1-9. The Funds, the Union, and CRF re-allege and incorporate herein by reference paragraphs 1 through 9 of the Facts common to all counts as if fully stated herein.

10. After becoming delinquent on August 6, 2013, the parties entered into a Settlement Agreement resolving the outstanding issues ("Settlement Agreement" attached hereto as Exhibit 5).

11. This Court has jurisdiction over this claim because it is a suit by a labor organization that has its headquarters within this jurisdiction district 29 U.S.C. § 185. This Court also has supplemental jurisdiction over Count III because it is a claim "so related…that [it] form[s] part of the same controversy." 28 U.S.C. § 1367(a). Furthermore, Bruce Ingstrup and Joseph Ingstrup stipulated to the jurisdiction of this Court in the Settlement Agreement (Ex. 5).

12. Venue is proper in this Court because the Court has jurisdiction over the parties. 29 U.S.C. § 185(a). Venue is also proper in this Court because a substantial part of the acts or omissions giving rise to the claim occurred in Cook County, Illinois. 28 U.S.C. § 1367(a).

13. Bruce Ingstrup is identified as Secretary of Ingstrup on the Illinois Secretary of State website and signed the Settlement Agreement as the Vice President of Ingstrup, and agreed to be personally liable for the amounts owed to Funds, the Union, and CRF. Bruce Ingstrup also consented to the entry of judgment against him in the event that Ingstrup breached the Settlement Agreement (Ex. 5).

14. Ingstrup has breached its obligations under the Settlement Agreement because it has failed to make its installment payments timely, and failed to submit its monthly reports,

contributions, and dues timely. Ingstrup has failed to pay liquidated damages and interest that has accrued, including post-judgment interest. As a result of such breaches, the Funds, the Union, and CRF are entitled under the Settlement Agreement to the entry of judgment against Bruce Ingstrup for all amounts identified as due in the Settlement Agreement, and all sums that became due following the execution of the Settlement Agreement.

15. That upon careful review of all records, and after application of any and all partial payments made by Ingstrup, there is a total of $172,848.64 known to be due the Funds, the Union, and CRF from Bruce Ingstrup, before the assessment of attorneys' fees and costs, and subject to the possibility that additional contributions, dues, interest, and liquidated damages will become due while this lawsuit is pending, and/or the possibility that Ingstrup owes additional contributions and due not yet identified by Ingstrup in its remittance reports.

WHEREFORE, the Funds, the Union, and CRF respectfully request that this Court enter judgment against Bruce Ingstrup and in favor of the Funds, the Union, and CRF for all unpaid contributions, liquidated damages, interest, and reasonable attorneys' fees and costs necessarily incurred in this action as specified herein, or as subsequently determined.

## COUNT IV
## SUIT AGAINST JOSEPH INGSTRUP TO ENFORCE PERSONAL GUARANTEE

1-12. The Funds, the Union, and CRF re-allege and incorporate herein by reference paragraphs 1 through 12 of Count III as if fully stated herein.

13. Joseph Ingstrup is authorized to act on behalf of Ingstrup, signed the Settlement Agreement, and agreed to be personally liable for the amounts owed to Funds, the Union, and CRF. Joseph Ingstrup also consented to the entry of judgment against him in the event that Ingstrup breached the Settlement Agreement (Ex. 5).

14. Ingstrup has breached its obligations under the Settlement Agreement because it has failed to make its installment payments timely, and failed to submit its monthly reports, contributions, and dues timely. Ingstrup has failed to pay liquidated damages and interest that has accrued, including post-judgment interest. As a result of such breaches, the Funds, the Union, and CRF are entitled under the Settlement Agreement to the entry of judgment against Joseph Ingstrup for all amounts identified as due in the Settlement Agreement, and all sums that became due following the execution of the Settlement Agreement.

15. That upon careful review of all records, and after application of any and all partial payments made by Ingstrup there is a total of $172,848.64 known to be due the Funds, the Union, and CRF from Joseph Ingstrup, before the assessment of attorneys' fees and costs, and subject to the possibility that additional contributions, dues, interest, and liquidated damages will become due while this lawsuit is pending, and/or the possibility that Ingstrup owes additional contributions and due not yet identified by Ingstrup in its remittance reports.

WHEREFORE, the Funds, the Union, and CRF respectfully request that Court enter judgment against Joseph Ingstrup and in favor of the Funds, the Union, and CRF for all unpaid contributions, liquidated damages, interest, and reasonable attorneys' fees and costs necessarily incurred in this action as specified herein, or as subsequently determined.

## COUNT V
## SUIT TO COLLECT UNION DUES

1. Plaintiff International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150" or "the Union") is a labor organization under the LMRA, 29 U.S.C. § 152(5).

2. Ingstrup is an "Employer" within the meaning of LMRA, 29 U.S.C. § 152(2).

3. This court has jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and 28 U.S.C. § 1331.

4. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Union is located within the geographic jurisdiction of this Court.

5. Ingstrup and Local 150 are parties to collective bargaining agreements known as Illinois Heavy and Highway and Underground Agreement (Mid-America Regional Bargaining Association) (Excavators, Inc.) (MARBA)) (attached as Exhibit 1), pursuant to the Memorandum of Agreement dated June 7, 2013 (attached as Exhibit 2), and the MARBA Illinois Road Builders Association (attached as Exhibit 3) pursuant to the Memorandum of Agreement dated July 1, 1975 (attached as Exhibit 4).

6. Under the terms of the collective bargaining agreements to which Ingstrup and Local 150 are parties, Ingstrup is obligated to make administrative dues payments.

7. Despite that obligation under the agreements, Ingstrup has failed to withhold and/or report to and submit to the Union administrative dues deducted or administrative dues that should have been deducted from the wages for employees in the amount of $9,768.00.

8. Local 150 has demanded that Ingstrup perform its obligations states above, but Ingstrup has failed and refused to so perform.

WHEREFORE, Local 150 respectfully requests that this Court enter judgment against Ingstrup and order it to:

A. Submit all unpaid administrative dues to Local 150;

B. Pay the Union's costs of auditing and reasonable attorneys' fees incurred in this action; and,

C. Award the Union such further relief as may be deemed just and proper by the Court.

## COUNT VI
## SUIT TO COLLECT CONSTRUCTION INDUSTRY RESEARCH
## AND SERVICE TRUST FUND CONTRIBUTIONS

1. International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150" or "the Union") is a labor organization under the LMRA, 29 U.S.C. § 152(5).

2. Construction Industry Research and Service Trust Fund ("CRF") is a fund as defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9).

3. Ingstrup is an "Employer" within the meaning of LMRA, 29 U.S.C. § 152(2).

4. This Court has jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and 28 U.S.C. § 1331.

5. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because CRF is located within the geographic jurisdiction of this Court.

6. Ingstrup and Local 150 are parties to collective bargaining agreements known as Illinois Heavy and Highway and Underground Agreement (Mid-America Regional Bargaining Association) (Excavators, Inc.) (MARBA)) (attached as Exhibit 1), pursuant to the Memorandum of Agreement dated June 7, 2013 (attached as Exhibit 2), and the MARBA Illinois Road Builders Association (attached as Exhibit 3) pursuant to the Memorandum of Agreement dated July 1, 1975 (attached as Exhibit 4).

7. As an employer obligated to make contributions to CRF under the Agreement and Declaration of Trust and collective bargaining agreement, Ingstrup is required to:

- (a) Submit for each month a contribution report identifying the names, and number of hours worked by each person on whose behalf contributions to the CRF must be made by Ingstrup, or, if no persons are employed, to submit a report so stating;

- (b) Pay contributions to CRF based upon an hourly rate as stated in the collective bargaining agreements;

- (c) Compensate CRF for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten

12

        percent of untimely contributions, or the sum of twenty percent of such contributions as liquidated damages should CRF be required to file suit;

    (d)    Pay interest to compensate CRF for lost investment income; and,

    (e)    Pay CRF's reasonable attorneys' fees and costs necessarily incurred in any action to recover delinquent contributions.

8.    Ingstrup is delinquent and has breached its obligations to CRF in the following respects:

    (a)    Ingstrup has failed to submit all of its contribution reports to CRF;

    (b)    Ingstrup has failed to make timely payment of all contributions acknowledged by Ingstrup thereon to be due according to Ingstrup's own contribution reports and the collective bargaining agreements; and,

    (c)    Ingstrup has failed to pay interest and liquidated damages.

9.    That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by Ingstrup, there is a total of $3,558.58 known to be due to CRF from Ingstrup, subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

10.    Local 150 has demanded that Ingstrup perform its obligations states above, but Ingstrup has failed and refused to so perform.

WHEREFORE, CRF respectfully requests that the Court:

    A.    Order Ingstrup to submit all delinquent monthly contribution reports;

    B.    Enter judgment in favor of CRF and against Ingstrup for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs;

    C.    Permanently enjoin Ingstrup to perform specifically its obligations to CRF, and in particular, to continue submitting the required reports and contributions due thereon to CRF in a timely fashion as required by the plans and the collective bargaining agreements; and,

    D.    Award CRF such further relief as may be deemed just and equitable by the Court, all at Ingstrup's cost.

Dated: March 2, 2016

Respectfully submitted,

By: /s/ Steven A. Davidson
One of the Attorneys for The Funds and CRF

Attorney for:
Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Construction Industry Research and Service Trust Fund
Steven A. Davidson
Institute for Worker Welfare, P.C.
6141 Joliet Road
Countryside, IL 60525
Ph: (708) 579-6613
Fx: (708) 588-1647
sdavidson@local150.org

Respectfully submitted,

By: /s/ Dale D. Pierson
Attorney for IUOE Operating Engineers, Local 150, AFL-CIO

Attorney for:
IUOE, Local 150, AFL-CIO
Dale D. Pierson
IUOE Local 150 Legal Dept.
6140 Joliet Road
Countryside, IL 60525
Ph: (708) 579-6663
Fx.: (708) 588-1647
dpierson@local150.org